IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JACKSON DISCOUNT DRUGS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 3:16-CV-717-SRW |
| HERCULES PHARMACEUTICALS, INC., | ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Jackson Discount Drugs, Inc. respectfully shows the Court the following:

### Parties, Jurisdiction and Venue

1. Plaintiff is a corporation organized and existing under the laws of the State of Alabama. Its principal place of business is 1974 Cherokee Road, Alexander City, Alabama.

2. Defendant Hercules Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of New York. Defendant is qualified to do business in the State of Alabama, and it conducts and solicits business in Alabama. Defendant is subject to the

jurisdiction of this Court and may be served with process by serving its registered agent, Incorp Services, Inc., at 2094 Myrtlewood Drive, Montgomery, Alabama 36111.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 47 U.S.C. § 227.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## Factual Background

5. The Telephone Consumer Protection Act of 1991, as amended by the 2005 Junk Fax Prevention Act, (the "TCPA"), was enacted to protect the citizens of the United States from the harassment, loss of use and other costs associated with the receipt of "spam" or "junk" faxes, which constitute actual, concrete and particularized injuries.

6. Specifically, the TCPA makes it unlawful for any person to use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. 47 U.S.C. § 227(b).

7. Under the TCPA, an "unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

8. The TCPA does allow for the sending of unsolicited advertisements via facsimile under certain, very limited circumstances. Under 47 U.S.C. § 227(b)(1)(C), an unsolicited advertisement can be sent via facsimile if, among other requirements, the sender has an "established business relationship" with the recipient and the facsimile contains a notice or "opt-out" clause as prescribed in 47 U.S.C. § 227(b)(2)(D).

9. 47 U.S.C. § 227(b)(2)(D) provides, in part, that the notice or opt-out clause (i) must be "clear and conspicuous and on the first page of the unsolicited advertisement," (ii) state that "the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements," and (iii) must include "a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and … a cost-free mechanism for a recipient to

transmit a request pursuant to such notice to the sender of the unsolicited advertisement."

10. The TCPA provides a private right of action for the enforcement of its provisions. 47 U.S.C. § 227(b)(3).

11. Plaintiff is a retail pharmacy located in Alexander City, Alabama.

12. Defendant is a pharmaceutical company that sells its products to retail pharmacies throughout the United States.

13. On or about March 21, 2016 and again on May 28, 2016, Defendant sent unsolicited advertisements via facsimile to Plaintiff, true copies of which are attached hereto as Exhibits "A" and "B." These unsolicited advertisements did not contain notice or "opt-out" clauses compliant with 47 U.S.C. § 227(b)(2)(D).

14. On information and belief, the unsolicited advertisements alleged in the preceding paragraph were sent to hundreds and possibly thousands of retail pharmacies and other recipients across the United States.

15. On information and belief, Defendant utilizes "fax blasting" activities to solicit pharmaceutical sales, *i.e.* Defendant routinely sends out

4

unsolicited advertisements materially similar to Exhibits "A" and "B" via facsimile to hundreds and possibly thousands of retail pharmacies and other recipients in the United States in an intentional and persistent manner.

16. These activities have violated certain provisions of the Act, including 47 U.S.C. §227(b)(1)(C).

## Class Allegations

17. Class Definition: Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiff brings this action individually and on behalf of a Class initially defined as follows (the "Class"): All persons in the United States who (i) from August 30, 2012 to the present (ii) received an unsolicited advertisement (iii) via a telephone facsimile machine, (iv) that was sent by or on behalf of Defendant, and (v) did not include a notice in compliance with 42 U.S.C. § 227(b)(2)(D).

18. Numerosity: The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, Defendant's fax blast marketing campaigns were repeated and nationwide in scope. At this time, the exact number of Class members is unknown, but it would include hundreds and perhaps thousands of members, making

joinder impracticable. The geographic dispersion of the Class also makes joinder impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and mailed or emailed notice.

19. Commonality: There are common questions of law or fact common to the Class, which include: whether Defendant's fax blasts constitute unsolicited advertisements and whether Defendant's fax blasts included a notice in compliance with 42 U.S.C. § 227(b)(2)(D).

20. Typicality: Plaintiff's treatment by Defendant is typical of the treatment experienced by the other members of the putative class. Specifically, Plaintiff is a recipient of unsolicited advertisements via facsimile which failed to include the notice language required by with 42 U.S.C. § 227(b)(2)(D).

21. Adequacy: Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel who are competent and experienced in class litigation. Plaintiff has no interests that are adverse to the Class.

22. The Class meets the requirements for certification under Federal Rule of Civil Procedure 23(b)(3):

a. Predominance of Common Questions of Fact and Law: The questions of law or fact common to the members of the Class predominate over any questions affecting individual Class members. The common facts and legal questions alleged in paragraph 19 above overwhelm any individual issues. Furthermore, any individual issues that might exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in the case.

b. Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 or $1,500 per occurrence), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing," as documented in the legislative record, is realized through the class action mechanism in this matter.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## Count 1 - Violation of the TCPA

24. Defendant violated the TCPA by using telephone facsimile machines, computers, or other devices to send unsolicited facsimile advertisements to telephone facsimile machines belonging to Plaintiff and members of the Class, which advertisements did not include an opt-out notice in compliance with 47 U.S.C. § 227(b)(2)(D).

25. As a proximate result of this conduct, Plaintiff and Class members are entitled to recover damages in the amount of $500 per violation of the TCPA, in accordance with 47 U.S.C. § 227(b)(3).

26. Furthermore, Defendant's actions as alleged in the preceding paragraphs were committed willfully or with knowledge that such actions violated the law. Attached hereto as Exhibits "C" and "D" are two additional faxes, sent by Defendant to Plaintiff on April 23, 2016 and May 21, 2016, respectively, which show that Defendant had knowledge of its obligations under the TCPA. Accordingly, Plaintiff and the Class members are also entitled to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

## Count 2 - Conversion

27.     Pursuant to Alabama law, the elements of conversion include a wrongful taking of specific property owned by another, resulting in damages.

28.     Defendant's "fax blasting" activities resulted in a conversion and wrongful taking of toner and paper owned by Plaintiff and the Class members without permission, entitling them to actual damages.

WHEREFORE, Plaintiff prays that this Court will:

a) Certify the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Direct the issuance of notice to the Class;

c) Conduct a trial by jury of all claims asserted herein that are so triable;

d) Enter judgment in favor of Plaintiff and the Class in a manner consistent with the jury's verdict;

e) Award to Plaintiff and to putative class members damages pursuant to the Act and Alabama law;

f) Award to Plaintiff and to putative class members the costs of this matter, including reasonable attorneys' fees;

g) Issue a permanent injunction enjoining Defendant from sending facsimiles which are violative of the TCPA; and

h) Award to Plaintiff and to the Class such other, further and more general relief as the Court may deem appropriate under these circumstances.

This 30th day of August, 2016.

_____
P. Thomas Dazzio, Jr.
Alabama Bar No.  ASB-4313-a30p
tdazzio@friedman-lawyers.com
205.278.7040
*Counsel for Plaintiff*

OF COUNSEL:
Friedman Dazzio Zulanas & Bowling, PC
3800 Corporate Woods Drive
Birmingham, AL 35242
205-278-7000; 205-278-7001 (fax)

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY.**